UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

QAHTAN ADNAN SHAHADA,                                                      Petitioner,

v.                                                              Civil Action No. 4:26-cv-363-RGJ

SAMUEL OLSON, et al.,                                                     Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Qahtan Adnan Shahada's Writ of Habeas

Corpus. [DE 1]. Respondents responded on May 26, 2026. [DE 7]. Petitioner replied on May 27,

2026. [DE 9]. The parties agree no evidentiary hearing is necessary. [DE 6; DE 8]. Petitioner filed

an additional motion to supplement the record which Respondents opposed. [DE 11; DE 13]. This

matter is ripe for adjudication. For the reasons below, the Court **GRANTS** the motion to

supplement [DE 11] and **DENIES** the Petition for Writ of Habeas Corpus. [DE 1].

## I.      Background

Petitioner Qahtan Adnan Shahada ("Shahada") is a 41-year-old native and citizen of Iraq,

and was lawfully admitted to the United States as a refugee in August 2009. [DE 1 at 7]. On

September 30, 2010, Shahada filed the Form I-485, Applicant to Register Permanent Residence or

Adjust Status, with the United States Citizenship and Immigration Services ("USCIS") to adjust

his status to that of a Lawful Permanent Resident ("LPR"). [*Id.* at 11]. Following his interview,

USCIS issued Shahada a Notice of Intent to Terminate his refugee status based on statements made

during the interview. [*Id.*]. On December 14, 2021, USCISC issued a final decision terminating

Shahada's refugee status and denying the application to adjust his status to that of a LPR. [DE 7-

1, USCIS Decision Letter, at 117]. On January 18, 2022, Shahada timely filed the Form I-290B,

motion to reconsider an adverse decision, with USCIS. [DE 1 at 11]. USCIS denied the motion on

April 7, 2022. [*Id.*].

On April 3, 2026, the Department of Homeland Security ("DHS"), through Immigration and Customs Enforcement ("ICE"), initiated removal proceedings by issuing a Notice to Appear to Shahada. [DE 1-7, Notice to Appear, at 54]. On April 20, 2026, Shahada was involved in a car crash in Bowling Green, Kentucky. [DE 1 at 12]. The Bowling Green Police Department responded to the scene and prepared a Crash Report. [DE 1-3, Bowling Green Police Department Crash Report, at 34]. ICE Enforcement and Removal Operations officers also responded to the scene, prepared an I-213, Record of Deportable/Inadmissible Alien, arrested Shahada, and took him into custody. [DE 1-8 at 59]. ICE placed Shahada into custody at Hopkins County Jail in the Western District of Kentucky, where he remains today. [DE 1 at 8].

On April 23, 2026, Shahada filed a motion for bond redetermination with the Memphis Immigration Court. [*Id.* at 13]. On April 28, 2026, ICE submitted its evidence to the Immigration Court and on April 29, 2026, Shahada submitted supplemental evidence. [*Id.*].

On April 30, 2026, Immigration Judge ("IJ") Brandon Josephsen held a custody redetermination hearing. [*Id.*]. DHS argued that Shahada was a "danger to the community and a significant flight risk" based upon its evidence. [DE 1-5, transcript of Immigration Court proceedings, at 45]. Shahada, through counsel, then presented his case for why he should be released on bond. [DE 1 at 14]. At the close of the hearing, IJ Josephsen stated "I do need to review this record a little bit more; I cannot render a decision at this time. Cause I just haven't had enough time to review all these documents, especially this stuff filed yesterday and today. So I will issue a written decision by the close of business tomorrow." [DE 1-5 at 47]. The following day, IJ Josephsen denied bond in a written order finding that Shahada is a flight risk. [DE 1-6, IJ Order, at 48]. Shahada has appealed IJ Josephsen's decision and it is currently pending at the Board of Immigration Appeals ("BIA"). [DE 7 at 107-08].

Shahada asserts that his Due Process has been violated because IJ Josephsen failed to consider the evidence as a whole. [DE 1 at 18]. Shahada requests either immediate release or a renewed bond hearing before an IJ at which "Petitioner is permitted a meaningful opportunity" to present evidence and challenge ICE's evidence. [*Id.* at 27].

Respondents contend that Shahada has been provided a merit based bond hearing pursuant to Section 1226(a). [DE 7 at 108]. And therefore the Court cannot disturb the findings of the IJ, unless the Petitioner raises a constitutional issue or a statutory violation pursuant to the jurisdiction stripping provision of 8 U.S.C. § 1226(e). [*Id.* at 111].

Most recently, Shahada filed a motion to supplement the record. [DE 11]. Shahada states that on June 11, 2026, Shahada appeared for an immigration hearing before IJ Josephsen. [DE 11 at 145]. At the hearing, Shahada attempted to dismiss his proceedings because he had not been properly served with the NTA, because it was a missing a date on the form. [*Id.*]. IJ Josephsen stated that DHS must re-serve the NTA by June 25, 2026, or the proceedings would be terminated. [*Id.*].

Prior to the June 25, 2026, hearing, Shahada's removal proceedings were reassigned to IJ Natalie Walker. [*Id.* at 146]. Then, at the June 25, 2026, immigration hearing, IJ Walker orally stated because ICE had not yet re-served Shahada with the NTA, Shahada's removal proceedings should be terminated but she would file a "written order" later that day. [*Id.*]. In her written order, IJ Walker concluded that after a "further review" of the statutory guidelines, Shahada's removal proceedings should not be terminated because "the date of the charging document is not one of the elements of the Notice to Appear required by statute." [DE 11-2, Order of IJ Walker, at 154]. IJ Walker reset the matter for a hearing on July 16, 2026, and stated DHS still must re-serve Shahada with a new NTA by July 9, 2026. [*Id.*]. On July 7, 2026, DHS re-served Shahada's NTA. [DE 13-1, July 7, 2026, NTA, at 167].

## II.     DISCUSSION[1]

### A.  Motion to supplement

Shahada moves to supplement his pleading with the above factual record. [DE 11 at 149]. Respondents oppose the motion as it is "not relevant to this proceeding." [DE 13 at 177].

Pursuant to Federal Rule 15(d) ("Rule 15(d)"), the Court, on just terms, may permit a party to serve a supplemental pleading setting out any transaction or occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Rule 15(d) follows a liberal standard, similar to one that applies for amending a pleading. *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002) (citing *McHenry v. Ford Motor Co.,* 269 F.2d 18, 24 (6th Cir. 1959). That is, leave should be freely granted and should only be denied upon a showing of undue delay, bad faith, or undue prejudice. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003).

Here, Shahada filed the motion to supplement within days of the immigration court proceedings. [DE 11 at 149]. And Respondents have not asserted any prejudice, nor is it likely they can, as DHS was present at the immigration proceedings. Respondents do not assert any theory of bad faith, either. And the "purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update [its] complaint to add allegations of late events relating to [its] original complaint." *Sunless, Inc. v. Selby Holdings, LLC,* 2021 WL 3513871, at *2 (M.D. Tenn. Aug. 10, 2021). Shahada does not wish to add any new legal theories, but simply requests to supplement the record. [DE 11 at 149]. Rule 15(d) should "always" be applied in a manner aimed at securing the just, speedy, and inexpensive determination of every action it is appropriate to permit Shahada to supplement his petition. *Cooper v. Bower,* 2017 WL 3389521, *2 (W.D. Ky. Aug. 4, 2017).

---

[1]Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025), and the Court waives the exhaustion requirement for the same reasons.

4

Thus, the motion to supplement the record is **GRANTED.** [DE 11].

### B.  Relevant Immigration Framework

This Court has previously outlined how Congress has distinguished between two classes of non-citizens, providing a bond hearing for those detained under Section 1226(a) but imposing mandatory detention without bond for those detained under Section 1225(b)(2). *See Vicen v. Lewis,* 821 F. Supp. 3d 863, 868-69 (W.D. Ky. 2026); *see also, Lopez-Campos,* 175 F.4th at 721-22. Both parties agree that Petitioner is detained pursuant to Section 1226(a). And both parties agree that Petitioner received a bond hearing pursuant to Section 1226(a).

### C.  Section 1226(e)

Jurisdiction poses a threshold question. See *Florida v. Thomas*, 532 U.S. 774, 777 (2001) ("[W]e must first consider whether we have jurisdiction to decide this case."). And " '[f]ederal courts,' it bears repeating, 'are courts of limited jurisdiction.' " *In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Accordingly, "[w]ithin constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Therefore, as an initial matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims.

The United States contends that Section 1226(e) prohibits judicial review of any "discretionary judgment" regarding the application of Section 1226. [DE 7 at 112]. Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, district courts lack jurisdiction to review discretionary bond decisions made by an IJ. *See Nielsen v. Preap*, 586 U.S. 392, 401 (2019). Notwithstanding the

5

above, parties may bring a constitutional challenge to a hearing by an IJ. *Demore v. Kim,* 538 U.S. 510, 523 (2003). That is, Section 1226(e) does not "block lawsuits over the extent of the Government's detention authority under the "statutory framework" as a whole." *Guiracocha v. Noem,* 2026 WL 622860, at *3 (E.D. Ky. Mar. 5, 2026) (citing *Nielsen,* 586 U.S. at 401) (in turn quoting *Jennings v. Rodriguez,* 583 U.S. 295-96 (2018)) (citations modified). Essentially, when a petitioner challenges a discretionary decision taken by an IJ, versus a challenge against to the "statutory framework as a whole" Section 1226(e) bars review. *Id.*

"Thus, the Court must determine whether Petitioner challenges the statutory or constitutional validity of his continued detention." *Alabdulaziz v. Tindall,* 2026 WL 973278, *4 (W.D. Ky. Apr. 10, 2026). Or, if the Petitioner is challenging a "discretionary" action by the IJ, which the Court cannot review. *Guiracocha,* 2026 WL 622860, at *3 (citing *Nielsen,* 586 U.S. at 401). Here, Shahada's challenge is that the IJ incorrectly, and inadequately, reviewed and considered the weight of the evidence and sided with the United States. Shahada states that the IJ failed to "meaningfully address contradictory record evidence." [DE 1 at 2]. But on review of the record, the IJ allowed both sides to present testimony, offer their own exhibits, and eventually took further time to "review this record a little bit more." [DE 1-5 at 47]. Thus, Shahada is not arguing that the "IJ wholly failed to consider the evidence" but instead, he "argues that the IJ erred in weighing the evidence." *Guiracocha,* 2026 WL 622860, at *4. In other words, the Petition only raises factual arguments about the IJ's decision and decision-making process. Any factual challenges to an act by the IJ fall within the jurisdiction provision of Section 1226(e), and outside the bounds of this Court's jurisdiction. The proper remedy for this type of dispute is to file an appeal with BIA of the IJ's decision, which Shahada has done. [DE 7 at 107-08].

Further, the IJ's written decision explained his reasoning for denying bond. [DE 1-6, written decision of IJ, at 51]. The decision reflects how the IJ considered the evidence from both parties and came to his own reasoned conclusion. The IJ stated:

> Respondent's family and community ties to the United States, proposed sponsor, fixed address, and application for relief do not sufficiently mitigate respondent's risk of flight. *Matter of C-M-M-.* 29 I&N Dec. 141, 143 (BIA 2025).
>
> Respondent's attempt to evade or mislead authorities "does not provide reassuring evidence of [Respondent's likely reliability in appearing for future proceedings[.]" *Matter of D-J-,* 23 I&N Dec. 572, 580 (A.G. 2003); *see also Matter of C-M-M-,* 29 I&N Dec. 141, 143 (BIA 2025) (noting that an alien who "twice lied to Immigration Officers, alleging she is a United States citizen" and "presented her United States citizen daughter's birth certificate and identification as her own" is a flight risk); *Matter of E-Y-F-G-,* 29 I&N Dec. 103, 104 (BIA 2025) (finding that an alien's removal of [her] ankle monitor" and "role in assisting a fugitive in evading law enforcement" weighed "heavily" against her release on bond); *Matter of Guerra*, 24 I&N dec. 37, 40 (BIA 2006) (specifying that an alien's "attempts by the alien to flee prosecution or otherwise escape from authorities" is a flight risk consideration).

[*Id.*]. Even if Petitioner is not satisfied the written decision, and if "the IJ could have explained this reasoning more clearly" that is not a constitutional nor statutory violation. *Ordonez v. Field Off. Dir.,* 2026 WL 927173, at *5 (E.D. Ky. Apr. 6, 2026).

Accordingly, the "IJ's bond determination provided precisely the process he is due under the Fifth Amendment." *Id.* "Petitioner attempts to attack the IJ's individual determination that Petitioner presented a danger to persons or property, or was a flight risk, and was thus not entitled to bond" are not reviewable by this Court pursuant to Section 1226(e). *Aladbualziz,* 2026 WL 973278, at *4.

Shahada has been provided the due process he is owed pursuant to Section 1226(a). And as Congress intended, Shahada has properly appealed the IJ's decision to the BIA. [DE 7 at 107]; 8 C.F.R. 1003.19; 8 C.F.R. 1236.1(d)(3). But any discretionary challenge to the IJ's findings by this Court are barred by Section 1226(e). *See Nielsen*, 586 U.S. at 401 (noting that § 1226(e) bars review of discretionary applications of § 1226); *Hernandez-Gabriel v. Tate*, 2026 WL 161192, at

*4 (S.D. Tx. Jan. 20, 2026) (holding that a district court lacked jurisdiction to consider a petitioner's challenge to the correctness of an IJ's determination that the petitioner posed a flight risk); *Perez Sierra v. Bondi*, 2026 WL 497070, at *3 (D.N.J. Feb. 23, 2026) ("This Court lacks jurisdiction to review any discretionary determinations underlying an immigration judge's bond decision, but it can review whether the bond hearing was fundamentally unfair in violation of this Court's order."); *cf. Soto-Medina v. Lynch*, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (holding that § 1226(e) did not bar consideration of a petitioner's challenge that the discretionary process of § 1226(a) itself is unconstitutional).

## VI.     Conclusion

Shahada "does not claim that his bond hearing lacked necessary procedural safeguards or that the IJ did not have statutory authority to deny bond." *Guiracocha,* 2026 WL 622860, at *4. Rather, he argues that the IJ came to the wrong conclusion after reviewing the testimony, exhibits, and other evidence. The Supreme Court has consistently held that Section 1226(e) bars this Court of such review of those decisions. *See Nielsen*, 586 U.S. at 401; *Jennings*, 583 U.S. at 295; *Demore*, 538 U.S. at 516. For the reasons stated above, the Court **DENIES** Shahada's Petition for Writ of Habeas Corpus. [DE 1].

Rebecca Grady Jennings, District Judge
United States District Court

August 5, 2026